(65 Misc. Rep. 220.)

## In re JONES.

(Supreme Court, Special Term, Chautauqua County. December, 1909.)

1. INTOXICATING LIQUORS (§ 37*)—LOCAL OPTION ELECTIONS—VALIDITY.
    A local option election should be sustained, where there were no such irregularities as would render the result uncertain.
    [Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 37.*]

2. INTOXICATING LIQUORS (§ 33*)—LOCAL OPTION ELECTION—NOTICE.
    Liquor Tax Law (Consol. Laws, c. 34) § 13, requiring notice of local option questions to be voted on at a town meeting, is sufficiently complied with, where the notice states that local option questions will be submitted at a special town meeting.
    [Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 33.*]

3. INTOXICATING LIQUORS (§ 34*)—LOCAL OPTION ELECTION—BALLOTS.
    Where the questions at a local option election are properly numbered on the ballots, and they bear a caption printed in large letters, and each question states the proposition to be voted on, that they erroneously refer to Liquor Tax Law Consol. Laws, c. 34) § 11, instead of section 8, does not invalidate the vote.
    [Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 34.*]

Application of John C. Jones for resubmission to the electors of the town of Westfield of the question of local option. Petition dismissed.

Nugent & Heffernan, for petitioner.
Daniel A. Reed, for State Commissioner of Excise.

MARCUS, J. This is a proceeding brought for the purpose of procuring an order of this court directing a resubmission of the local option questions at a special town meeting of the electors of the town of Westfield, N. Y., as provided in the liquor tax law (Consol. Laws, c. 34).

The only question to be determined in this proceeding is whether the notice and ballot were sufficient as to form and within the meaning of the liquor tax law, since it appears satisfactorily that the notice was posted and published as required. The contention of the petitioner seems to be that the notice was insufficient, in that it did not set forth in plain terms, as required by the statute, that the questions would be voted on at the town meeting or general election, and also that the notice printed in the newspaper was to the effect that "the four follow-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing questions in reference to the town of Westfield under section 16 (now section 13) of the liquor tax law" would be submitted.

The notices posted and published and complained of in the moving papers state when, where, and to whom the four questions would be submitted, specifying that the same were in reference to the town of Westfield under the liquor tax law, and then the questions would follow in the exact language of the liquor tax law. The notice is really more complete than the statute requires. No person could be misled by the notices complained of in this proceeding.

The use of the words "will be submitted," instead of the words "will voted on," is not such a departure from the statute as to warrant court in ordering a resubmission. The liquor tax law does not require that the notice shall be in the exact language of the statute. It simply requires the town clerk to "cause to be printed and posted in at least four public places in such town a notice of the fact that all of the local option questions provided for will be voted on at such town meeting." The words "will be submitted," have an accepted and well-defined meaning under the provisions of the liquor tax law.

Section 13 of the liquor tax law provides:

"In order to ascertain the will of the qualified electors of each town, the following questions shall be submitted at each biennial town meeting * * * provided the electors of the town * * * shall request such submission by written petition," etc.

The same provision of the liquor tax law provides:

"The town clerk shall, within five days from the filing of such petition in his office, prepare and file in the office of the county clerk of the county a certified copy of such petition, provided the town meeting at which such questions are to be submitted is to be held at the time of the general election."

It will therefore be seen, without reciting the whole section, that the words in controversy are so used in the liquor tax law as to leave no doubt of the meaning as accepted and generally understood. The form of the notice is not mandatory, and therefore, the petitioner having failed to show that there was any fraud, or that the result of the election was affected by the alleged irregularity in the form of the notice, no sufficient reason has been submitted to authorize the court in ordering a resubmission of the local option questions.

The only irregularity complained of in the moving papers touching the ballots used in the voting machine is that section 11 of the liquor tax law is referred to in each question, instead of section 8. The caption was printed in large type, the questions were correctly numbered, and each one stated precisely the proposition to be voted on. So, if the words "subdivision 1 of section 11" were eliminated from question 1, the meaning and purpose of the question nevertheless would remain clear and certain; and the same is true with reference to each question submitted. The mention of the incorrect section seems to be due to the change of numbers growing out of the Consolidated Laws; and those numbers may well be treated as surplusage, since the mere number, correctly or incorrectly used, can in no way control the subject-matter of the section itself.

It is not the purpose of the statute to provide an opportunity for those who are interested in the outcome to proceed to vote, without protest as to procedure or conduct on the ' part of those in charge,. and then, when the result is contrary to their expectations, to have another chance. It should be and is the policy of the statute and the courts to sustain a vote where the irregularities complained of do not render the result uncertain. The resubmission is only authorized where it is impossible to ascertain the true result. There is not the slightest claim made in the moving papers that the alleged defects the ballots provided by the town clerk rendered the result doubt or uncertain.

Petition dismissed.